In re FISHA INDUSTRIES, INC., a Nevada Corporation, dba Marcel's Bakery, Debtor.

NEVADA NATIONAL LEASING CO., INC., Plaintiff,

v.

FISHA INDUSTRIES, INC., dba Marcel's Bakery, Defendant.

Bankruptcy No. 80–00877.
Adv. No. 81–0013.

United States Bankruptcy Court, D. Nevada.

March 18, 1981.

Wm. Patterson Cashill, Reno, Nev., for plaintiff.

Janet L. Chubb, Sparks, Nev., for defendant.

## OPINION AND DECISION

BERT GOLDWATER, Bankruptcy Judge.

On July 6, 1979, defendant debtor in this Chapter 11 proceeding leased from plaintiff certain bakery equipment. The balance due under the lease is approximately $132,000. Debtor is currently in default under the lease and the sum required to cure the default is in the approximate amount of $28,000.

Plaintiff seeks herein to lift the automatic stay of 11 U.S.C. 362 so as to repossess. Primarily, even though the complaint filed by plaintiff calls the lease a security agreement, the lease is not considered a security agreement under NRS 104.9102. Generally, a lease is a secured transaction when the intention of the parties is that the transaction be a sale on credit with the subject matter of the sale serving as security. 13 U.C.L.A. L.R. 250. The evidence clearly shows that this was not the intention of the parties. Consequently, the debtor is entitled to assume or reject the lease under 11 U.S.C. 365(d)(2) providing that the default is cured and that there can be adequate assurance of future performance under 11 U.S.C. 365(b)(1).

Considering that the amount of the default is staggering and the equipment is valued at only $35,000,[1] the Court grants the defendant debtor sixty (60) days from April 1, 1981, to accept or reject the lease if the default under the lease is cured at the time of assumption and defendant pays the April 1981 lease payment within five (5) days of this order and continues to make the monthly lease payments within three (3) days of the due date under the lease.

---

1. Stipulation of parties.